1  **WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James McGee, | No. CV17-04024-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Zurich American Insurance Company, | |
| Defendant. | |

Plaintiff James McGee sued Defendant Zurich American Insurance Company for breach of contract and bad faith, alleging that Defendant improperly refused to defend Elizabeth Foutz in an underlying tort action brought against her by Plaintiff. Defendant has filed a motion for summary judgment. Doc. 49. The motion is fully briefed (Docs. 51, 56), and oral argument will not aid in the Court's decision. *See* Fed R. Civ. P. 78(b). For the following reasons, the Court will grant the motion.

**I.  Background.**

Defendant issued a general insurance policy to Underwood Bros, Inc., doing business as AAA Landscape (hereinafter "AAA"). Doc. 52 at ¶ 60. The Policy provides business auto liability coverage for bodily injury or property damages caused by an accident "resulting from the ownership or maintenance of a covered auto." *Id*. at ¶ 61. The Policy defines "insured" as "[a]nyone . . . using with your permission a covered 'auto' you own." Doc. 52 at ¶ 64.

In September 2012, AAA assigned a company vehicle to its employee Elizabeth Foutz. Doc. 52 at ¶ 47. Foutz signed AAA's Driver Policy and Agreement ("the Agreement"), which allows authorized employees to drive a company vehicle subject to certain terms and conditions. *Id*. The Agreement states that employees are responsible for the "safe and legal transportation of the vehicle." Doc. 50 at ¶ 2. It also requires drivers to "abide by all laws." Doc. 52 at ¶ 43.

On January 16, 2015, Foutz was involved in a car accident with Plaintiff. Doc. 52 at ¶¶ 1-10. Plaintiff was found at fault for the accident because he did not stop at a stop sign (Doc. 50 at ¶ 4), and Foutz was cited for driving while intoxicated. Doc. 52 at ¶ 10. She eventually pled guilty to driving while under extreme intoxication. *Id*. On August 17, 2016, Plaintiff sued Foutz for personal injury, and Defendant was asked to evaluate whether it had a duty to defend Foutz under AAA's business auto coverage policy. Doc. 50 at ¶ 6.

After learning that Foutz was driving while intoxicated, Defendant requested an internal coverage opinion and the matter was referred to Defendant's coverage counsel. Counsel requested additional investigation into whether Foutz had her own vehicle, whether she signed the Agreement, whether AAA's employees regularly violated the Agreement, and whether AAA overlooked such violations. Doc. 50 at ¶¶ 9-12. Defendant presented these questions to George McNeely ("McNeely"), AAA's Human Resources Manager. Doc. 50 at ¶ 13-14. McNeely responded that Foutz signed the Agreement, that AAA disciplined her for violating company policy while using her vehicle, and that Foutz was the only employee who used her AAA vehicle while intoxicated. Doc. 50 at ¶¶ 15, 32-33, 36.

After receiving McNeely's responses, Defendant concluded that Foutz did not qualify as an insured under the Policy because she exceeded any permissible use by driving while intoxicated. Doc. 50 at ¶ 16-17. Foutz and Plaintiff then entered into an agreement in which Foutz assigned her rights against Defendant to Plaintiff, the parties stipulated to a $5 million judgment, and Plaintiff agreed not to execute the judgment against Foutz. *Id*.

at ¶ 18. Plaintiff then filed this suit against Defendant, seeking to recover the $5 million judgment and asserting the assigned claims for breach of contract and bad faith. Doc. 1-1.

Remarkably, Plaintiff's response to the summary judgment motion emphasizes that he, not Foutz, caused the underlying accident. Doc. 51 at 2. For example, Plaintiff admits that "[s]everal witnesses confirmed McGee had pulled directly into Foutz's path and 'she had no time to stop,'" that "McGee ran a stop sign and appeared right in front of Foutz," and that "Foutz could not have avoided the crash, even if sober." *Id*. at 2, 13 (citation omitted). Citing case law, Plaintiff further asserts that "a driver like [Foutz] – confronted by a sudden emergency – is only liable if she acts unreasonably," and "Foutz had no chance to act unreasonably." *Id.* at 13. He further maintains that "driving under the influence of alcohol, in and of itself, is not a tort." *Id.* He states with emphasis that "Foutz was *not* at fault" and "drove safely." *Id.* at 15 (emphasis in original).

Plaintiff never explains why, if these admissions are true, he sued Foutz for causing the accident. He concedes that he had no valid claim against her. Plaintiff presumably views his sole responsibility for the accident as irrelevant now that he has trained his aim on Defendant and its alleged insurance bad faith toward Foutz. But the Court cannot help observing that the purpose of Arizona's insurance-claim assignment law is, at least in part, to make whole an underlying meritorious plaintiff who was denied recovery because the underlying defendant could not pay a judgment and her insurer wrongfully denied coverage. It assuredly is not to permit a plaintiff who has no valid claim to file a lawsuit and create an insurance coverage dispute from which he might profit. In light of the concessions Plaintiff makes in his summary judgment brief, the Court views this case as a misuse of Arizona law. The Court nonetheless will address the summary judgment motion without regard to the admitted lack of merit in Plaintiff's underlying claim.

**II.     Summary Judgment Standard.**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is

also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Only disputes over facts that might affect the outcome of the suit will preclude summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III. Discussion.**

**A. Breach of Contract.**

To succeed on a breach of contract claim, a plaintiff must prove that a contract existed, defendant breached the contract, and the breach resulted in damages. *Thomas v. Montelucia Villas, LLC*, 302 P.3d 617, 621 (Ariz. 2013). A party breaches a contract when it "fail[s], without legal excuse, to perform any promise which forms the whole or part of a contract." *Snow v. W. Sav. & Loan Ass'n*, 730 P.2d 204, 210 (Ariz. 1986).

**1. Permission.**

The Policy defines an "insured" to include anyone using a covered AAA-owned vehicle with AAA's "permission." Doc. 52 at ¶ 64. Defendant asserts that Foutz did not have permission to drive her AAA vehicle while intoxicated. Doc. 49 at 5. Plaintiff provides no evidence that Foutz had such express permission (Doc. 52 at ¶¶ 43-46), but he argues that whether Foutz had implied permission is an issue of disputed fact precluding summary judgment (Doc. 51 at 14).

Implied permission is "shown by the practice of the parties over a period of time preceding the day upon which the insured vehicle was being used." *Universal Underwriters Ins. Co. v. State Auto. & Cas. Underwriters*, 493 P.2d 495, 497 (Ariz. 1972); *see also Stonington Ins. Co. v. McWilliams*, No. 1 CA-CV 09-0235, 2010 WL 2677119, at *2 (Ariz. Ct. App. July 6, 2010). Implied permission also exists if the driver "reasonably believed" she was using the vehicle according to the permission granted by its owner.

Foutz admitted that she had no formal permission to drive while intoxicated. Docs. 49 at 6; 52 at ¶ 43. AAA's Human Resources Manager, George McNeely, confirmed

that: (1) AAA disciplined Foutz after the accident because the company "needed to respond to the violation of [its] policy" (Doc. 50 at ¶ 24), (2) AAA did not allow employees to drive its vehicles while intoxicated (Doc. 50 at ¶¶ 32-33), (3) McNeely did not know of any other AAA employee who drove their AAA vehicle while intoxicated (Doc. 50 at ¶ 36), and (4) neither Foutz nor her supervisor indicated Foutz had express permission to drive while intoxicated. Doc. 50 at ¶ 37.

Plaintiff cites the following disputed facts in support of his implied permission argument: (1) Foutz saw AAA employees consume alcohol and drive their company vehicles (*id*. at ¶¶ 41-46), (2) Defendant's coverage counsel admitted in deposition that an employee could still be a permissive user even if that driver was intoxicated, and (3) AAA's Agreement did not expressly prohibit employees from driving after consuming alcohol, (*id*. at ¶ 43; *see also* Doc. 51 at 14-15).[1] But there is a difference between not prohibiting a practice and impliedly permitting it. As noted, implied permission is shown by "the practice of the parties over a period of time preceding the day upon which the insured vehicle was being used." *Universal Underwriters*, 493 P.2d at 497. The fact that Foutz saw some employees drink and then drive does not show that AAA consented to intoxicated driving of its vehicles. And coverage counsel's deposition statement does not say anything about whether AAA impliedly consented to drunk driving. As Plaintiff also concedes, McNeely stated that Foutz was the only AAA employee who drove her vehicle while intoxicated. *See* Doc. 52 at ¶ 36.

It is also undisputed that AAA's Agreement requires employee drivers to abide by all laws, which include laws against driving under the influence. Doc. 52 at ¶ 48.[2] Plaintiff cites no evidence that Foutz reasonably believed the Agreement nonetheless permitted her to drive while intoxicated. Doc. 52 at ¶ 43. The Court concludes that Plaintiff has failed

---

[1] Plaintiff also cites much evidence that Foutz was allowed to use her vehicle for personal use, but this evidence does not address whether she could drive the company car while intoxicated.

[2] Under A.R.S. § 28-1382(A), it is deemed extreme intoxication for a person to drive with a blood-alcohol concentration of 0.15 or greater. The parties dispute whether Foutz's blood alcohol level was 0.15 or 0.202, but this dispute is not material because both levels constitute extreme DUI. Doc. 50 at ¶ 4; Doc. 52 at ¶ 10.

to produce evidence sufficient for a reasonable jury to find that Foutz had implied permission to drive her AAA-owned vehicle while intoxicated. *See Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

### 2. Mandatory-Minimum Coverage under A.R.S. § 28-4009(A)(2).

Plaintiff asserts that Foutz is "insured" under the omnibus clause of Arizona law. Doc. 51 at 15-16. Read into the terms of every Arizona insurance contract, the omnibus clause provides that "[a]n owner's motor vehicle liability policy shall . . . insure the person named in the policy as the insured and any other person, as insured, using the motor vehicle or motor vehicles with the *express or implied permission* of the named insured." A.R.S. § 28-4009(A)(2) (emphasis added); *James v. Aetna Life & Cas.*, 546 P.2d 1146, 1148 (Ariz. Ct. App. 1976). In other words, coverage under the omnibus clause requires permissive use.

Arizona follows the minor deviation rule to determine whether a deviation from permissive use precludes coverage under the omnibus clause. *James*, 546 P.2d at 1146. Under this rule, a bailee is covered if her "use is not a gross, substantial or major violation, even though it may have amounted to a deviation" from the purpose of permissible use. *Id*. at 1148. A deviation is material only when it is substantial "in terms of duration, distance, time, or purpose." *Id*.

Plaintiff argues that Foutz's short, safe trip to a local grocery store is a minor deviation from permissible personal use. Doc. 51 at 15. In support, he cites evidence that (1) Foutz witnessed other coworkers drive company vehicles after drinking (Doc. 52 at ¶¶ 41-46), (2) AAA's policy never said an employee could not drive a company vehicle after drinking *(id.* at ¶ 43), (3) no one told Foutz she was not allowed to drive her company vehicle while intoxicated *(id.)*, (4) Foutz was not at fault for the accident, and (5) the accident could not have been avoided even if Foutz was sober (Doc. 51 at 15).

The Court disagrees. That other AAA employees drove their AAA vehicles after consuming alcohol is insufficient to show they were driving while intoxicated, or that drunk driving of any duration is a mere minor deviation from permissible use. And even

assuming Foutz had permission to run personal errands using her company vehicle, it is undisputed that she was bound by AAA's Agreement to abide by state law, which includes a prohibition on driving while intoxicated. Doc. 52-4 at 2; *see also* A.R.S. § 28-1382(A). These facts are insufficient for a reasonable jury to conclude Foutz's deviation from permissible use was minor.

Plaintiff also cites *Reisch v. M&D Terminals, Inc*. 180 Ariz. 356, 365 (Ariz. Ct. App. 1994), to argue that failure to abide by company policy is a minor deviation. Doc. 51 at 15. In that case, the court held that a driver's violation of his employer's "no passenger rule" was a minor deviation from the purpose of permissible use. *Id*. But the *Reisch* holding was limited to the "no passenger rule," and did not announce a general rule that deviations from company policies are minor. *Id*. ("Most cases which have considered the question hold that a violation of the *no passenger rule* will not vitiate coverage . . . The insurer has not cited a single decision holding that a violation of the no passenger rule vitiates coverage.") (emphasis added). Moreover, *Reisch* did not involve an insured's use that violated terms of the company policy, as well as Arizona law.

Plaintiff has failed to produce sufficient evidence for a reasonable jury to conclude that Foutz qualified as an "insured" under the Policy and was entitled to coverage under the omnibus clause. *See Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248. The Court accordingly will grant summary judgment in favor of Defendant on Plaintiff's breach of contract claim.

**B.  Bad Faith.**

Arizona law "implies a covenant of good faith and fair dealing in every contract." *Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986). The covenant requires "that neither party will act to impair the right of the other to receive the benefits which flow from their . . . contractual relationship." *Id*. An insurer acts in bad faith where it "intentionally denies, fails to process or pay a claim without a reasonable basis." *Prieto v. Paul Revere Life Ins. Co.*, 354 F.3d 1005, 1009 (9th Cir. 2004) (quoting *Noble v. Nat'l Am. Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981)). "To show a claim for bad faith, a plaintiff

must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Noble*, 624 P.2d at 868.

Plaintiff argues that Defendant acted in bad faith when it denied Foutz coverage. Doc. 51 at 14. But "a bad faith claim based solely on a carrier's denial of coverage will fail on the merits if a final determination of noncoverage is ultimately made." *Manterola v. Farmers Ins. Exchange*, 30 P.3d 639, 646 (Ariz. Ct. App. 2001) (citations omitted). Because the Court is making a final determination of noncoverage in this order, this portion of Plaintiff's bad faith claim fails.

Plaintiff next asserts that Defendant failed to thoroughly investigate the crash and determine whether Foutz had implied permission to drive her AAA vehicle for personal errands, which is bad faith. Doc. 51 at 14-15. Defendant asserts that further investigation would not have revealed additional facts relevant to its ultimate conclusion on Foutz's coverage eligibility – that Foutz was not an insured because her use was not permissible. Doc. 49 at 9-17.

The Court agrees with Defendant. Failure to adequately investigate is material only when further investigation would have disclosed facts relevant to whether Foutz qualified as an insured. *See Aetna Cas. & Sur. Co. v. Superior Court in & for Cty. of Maricopa*, 778 P.2d 1333, 1336 (Ariz. Ct. App. 1989) ("Although an insurer's subjective bad faith may be inferred from a flawed investigation, an improper investigation, standing alone, is not a sufficient cause for recovery if the insurer in fact had an objectively reasonable basis to deny the claim.") (quoting *Pace v. Ins. Co. of N. Am.*, 838 F.2d 572, 584 (1st Cir. 1988)). As discussed above, Plaintiff has failed to present any additional facts showing that Foutz had implied permission to drive the company vehicle while drunk.

Additionally, Plaintiff does not dispute that Defendant inquired of AAA's Human Resources Manager, George McNeely, who confirmed that (1) AAA did not have a policy that allowed employees to drive AAA vehicles while intoxicated (Doc. 50 at ¶¶ 32-33), (2) he was unaware of any other instance in which a AAA employee used a AAA vehicle

while intoxicated (*id.*), (3) he did not know of any other employees who used a AAA vehicle after drinking since he began working for AAA (*id.* at ¶ 36), and (4) neither Foutz nor her supervisor indicated that Foutz had permission to drive her AAA vehicle while intoxicated (*id.* at ¶ 37). The assertion that Foutz saw other AAA employees drive after consuming alcohol is insufficient for a reasonable jury to conclude that such employees were intoxicated or were driving while intoxicated with AAA's implied permission.

The Court has considered the expert rebuttal declaration submitted by Plaintiff (Doc. 52-12), and finds that it does not create a question of fact on the issue of bad faith. Much of the declaration contains legal conclusions, which are not appropriate for expert opinion. *See United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999) (holding a legal conclusion is inappropriate for expert testimony).

Further, expert testimony does not preclude summary judgment when it is not supported by the record. *Reynolds v. Cnty. of San Diego*, 84 F.3d 1162, 1169 (9th Cir. 1996) (overruled on other grounds). Plaintiff's expert argues that Defendant failed to investigate key issues including permission, the events surrounding the accident, and whether company officers saw or knew their employees drove company vehicles after consuming alcohol. *Id.* These arguments are not supported by the record. Plaintiff does not dispute that Defendant followed up with McNeely on the permission issue, and that McNeely confirmed Foutz had no permission to drive while intoxicated. Doc. 50 at ¶ 37. McNeely also confirmed that he did not know of any other employees who used AAA vehicles after drinking. *Id.* at 32-36. The conclusory opinions of Plaintiff's rebuttal expert are not supported by the record.

In short, Plaintiff has failed to present sufficient evidence from which a reasonable jury could find that Defendant acted in bad faith by failing to investigate Foutz's coverage.[3]

**IT IS ORDERED**:

1. Defendant's motion for summary judgment (Doc. 49) is **granted**.

---

[3] Plaintiff asserts that Defendant failed to give equal consideration to Foutz's interests, but only in the context of the alleged failure to investigate. Plaintiff does not separately develop an equal consideration argument. Doc. 51 at 14.

2. The Clerk is directed to enter judgment in Defendant's favor and terminate this case.

Dated this 23rd day of April, 2019.

*David G. Campbell*
David G. Campbell
Senior United States District Judge