**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES McGEE,<br><br>            Plaintiff-Appellant,<br><br>   v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York insurance company,<br><br>            Defendant-Appellee. | No.   19-15859<br><br>D.C. No. 2:17 cv-4024-DGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted May 5, 2020[**]
Seattle, Washington

Before: TASHIMA, W. FLETCHER, and RAWLINSON, Circuit Judges.
Dissent by Judge RAWLINSON

   James McGee appeals from the summary judgment entered in favor of

Zurich American Insurance Company ("Zurich") on his claims of breach of

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

contract and insurance bad faith. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo. *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). We reverse and remand.

Zurich issued a general insurance policy to Underwood Bros, Inc., doing business as AAA Landscape ("AAA Landscape"). The policy provides business auto liability coverage for bodily injury or property damages caused by an accident "resulting from the ownership, maintenance or use of a covered 'auto.'" The policy defines "insured" as "[a]nyone . . . using with your permission a covered 'auto' you own."

In 2012, AAA Landscape assigned a company vehicle to Elizabeth Foutz, an employee. Three years later, Foutz was involved in a car accident with McGee. Although McGee was found at fault for the accident, Foutz was cited for driving while intoxicated. After McGee asserted a claim against Foutz, Zurich declined coverage, concluding that Foutz failed to qualify as an insured under the policy, because she had exceeded any permissible use by driving while intoxicated. Foutz assigned her rights to McGee, and McGee sued Zurich for breach of contract and bad faith.

The district court granted summary judgment on both claims to Zurich. The court concluded that, because AAA Landscape never gave Foutz express or

implied permission to drive while intoxicated, her use at the time of the accident was not permissive, and she therefore was not an insured. The court also noted that Foutz had signed a Driver Policy and Agreement ("DPA") requiring her to "abide by all laws, including speed limits," in her operation of the company vehicle.

We reach a different conclusion. There is no dispute that Foutz was covered by the policy if she was a permissive user at the time of the accident: both the express terms of the policy and Arizona's omnibus clause, Ariz. Rev. Stat. § 28-4009(A)(2), extend coverage to permissive users. Under the omnibus clause, moreover, permissive use encompasses minor deviations from the permission granted. "[I]f the bailee's use is not a gross, substantial or major violation, even though it may have amounted to a deviation, protection is still afforded to the bailee under the omnibus clause." *James v. Aetna Life & Cas.*, 546 P.2d 1146, 1148 (Ariz. Ct. App. 1976). A "deviation is 'material' or 'major' when the deviation from the purpose for which the permission was originally granted was substantial in terms of duration, distance, time, or purpose." *Id.*

Here, viewed in the light most favorable to McGee, *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016), the record shows that Foutz's use of the vehicle at the time of the accident was permissive. First, the

evidence shows that Foutz was permitted to use the company vehicle for personal errands after work. Foutz testified that the company vehicle was her "only source of transportation," that "AAA [Landscape] knew that" to be the case; that "if [Foutz] needed the vehicle to run errands, go to the grocery, something quick after work, it was okay" with AAA Landscape, and that Foutz's supervisor was aware of her use of the company vehicle to run errands. Foutz further testified that AAA Landscape employees routinely used company vehicles "for personal errands after work," and that AAA Landscape's executives were "well aware of that."

    Second, the evidence establishes at least a triable issue that Foutz's use of the vehicle at the time of the accident fell within the scope of that permitted use. The accident occurred at around 8:45 p.m. following work, while Foutz was driving home from a personal errand to a grocery store. Viewing the evidence in the light most favorable to McGee, this use was either within the scope of her permitted use or, at minimum, a minor deviation from that permission.

    Zurich argues that Foutz's use was non-permissive because she did not have express or implied permission to operate a company vehicle while intoxicated. We assume for purposes of our analysis that AAA Landscape never gave Foutz permission to operate the vehicle while intoxicated. We are not persuaded, however, that this rendered her use of the vehicle non-permissive. Viewing the

4

evidence in the light most favorable to McGee, Foutz had permission to use the vehicle for the purpose of running personal errands after work, and that is precisely what she was doing. Her use, therefore, was permissive.

Foutz's negligence (driving while intoxicated) does not negate the fact that her *use* (running an errand) was permissive. In this respect, the Arizona Court of Appeals decision in *National Indemnity Co. v. North American Indemnity*, No. 1 CA-CV 90-201, 1991 WL 263707 (Ariz. Ct. App. Dec. 17, 1991), although unpublished, is persuasive:

> On the one hand, it is tempting to conclude that permissive usage should never entail permission to drive while drunk. On the other hand, permissive usage might similarly be argued to exclude permission to drive distractedly, to exceed the speed limit, or to run red lights. If such situational departures from reasonable care were treated as beyond the scope of permissive usage, it would thwart the overriding purpose of the Safety Responsibility Act, which is "to provide security against uncompensated damages arising from operation of motor vehicles on the highway." *Chase v. State Farm Mut. Auto Ins. Co.*, 131 Ariz. 461, 641 P.2d 1305 (App. 1982). Indeed, to view egregious departures from reasonable care as violating the implicit terms of permissive usage would defeat coverage in precisely the circumstances where the need for coverage would most likely arise.
>
> We are persuaded by the latter consideration to reject the argument that [the permissive user's] excessive drinking alone took him beyond the scope of his permission to use the bus. We conclude that permissive usage is

> determined by reference to time, distance, duration, and purpose. If a driver's usage is permissive in accordance with these referents, it will not be defeated by reference to the unreasonableness of the driver's conduct, including consumption of alcoholic beverages, when the accident occurs.

*Id.* at *4.

Zurich points out that the DPA required Foutz to "abide by all laws, including speed limits," and that, by driving while intoxicated, Foutz failed to comply with the agreement. We are not persuaded, however, that this rendered Foutz's use non-permissive. First, although Zurich contends that this agreement defined the scope of Foutz's permission, the record suggests otherwise. The DPA includes a number of provisions, including one stating that "Company vehicles are not to be used for personal errands/use." As discussed, the record evidence, viewed in McGee's favor, shows that this was not the case. Accordingly, there is, at minimum, a genuine dispute of fact as to whether the DPA in fact defined the scope of Foutz's permissive use.

Second, even assuming that the DPA defined the scope of permission, the agreement says nothing about driving while intoxicated or the consequences for doing so. *Cf. James*, 546 P.2d at 1148–49 (Hathaway, J., specially concurring) (concluding that an employee's use was non-permissive where company rules

specifically provided that "[n]o one may drive a company vehicle after consuming alcoholic beverages"). Nor does the agreement discuss insurance coverage.[1] On the contrary, the only sanction stated in the DPA for any breach is that "failure to [abide by the agreement] may result in employee disciplinary action." When a permissive user deviates in a substantial way from an employer's specific instructions regarding the manner in which a vehicle should be operated, it may be that coverage is defeated. That has not occurred here, however, even assuming that the DPA defined the scope of permitted use. And, to repeat, nothing in the DPA, or elsewhere in the record, supports the notion that a violation of the DPA results in the retroactive withdrawal of consent previously given.

In sum, we conclude that there is at least a triable issue of material fact as to whether Foutz's use of the vehicle at the time of the accident was either permissive or a minor deviation from the permission she was granted. We therefore reverse the entry of summary judgment in Zurich's favor on McGee's breach of contract and bad faith claims and remand for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**

---

[1] Moreover, there is no indication that the agreement is intended to benefit third parties, such as Zurich.

FILED

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*McGee v. Zurich American Insurance Co.*, Case No. 19-15859
Rawlinson, Circuit Judge, dissenting:

In this insurance coverage dispute, Appellant James McGee (McGee) appeals the district court's grant of summary judgment in favor of Appellee Zurich American Insurance Company (Zurich). McGee alleged that he was severely injured in an accident involving Elizabeth Foutz (Foutz), an employee of AAA Landscape, who was driving a company vehicle while extremely intoxicated. McGee contends that Zurich breached the insurance policy issued to AAA Landscape and denied coverage for Foutz in bad faith. McGee maintains that, pursuant to the "omnibus clause," A.R.S. § 28-4009(A)(2),[1] Zurich was obligated to provide coverage because Foutz received AAA Landscape's permission to use the company vehicle.

The district court properly granted summary judgment in favor of Zurich on McGee's breach of contract claim because Foutz lacked permission to use the company vehicle while intoxicated. Under Arizona law, "an implied permission

---

[1] A.R.S. § 28-4009(A)(2) provides that an insurance policy:

shall insure the person named in the policy as the insured and any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of the motor vehicle or motor vehicles within the United States . . .

1

generally arises from a course of conduct involving a mutual acquiescence in, or a lack of objection to, a continued use of the car, signifying assent.  It is usually shown by the practice of the parties over a period of time preceding the day upon which the insured vehicle was being used." *Gomez v. Great Am. Ins. Co.*, 548 P.2d 1206, 1208-09 (Ariz. Ct. App. 1976) (citation, alteration, and internal quotation marks omitted).

AAA Landscape limited the scope of Foutz's permissive use of the company vehicle through its Driver Policy and Agreement, which required Foutz to "abide by all state laws, including speed limits." *See, e.g.*, S*tonington Ins. Co. v. McWilliams*, No. 1 CA–CV 09–0235, 2010 WL 2677119, at *4 (Ariz. Ct. App. 2010) (observing that "[i]f the company did give notice to [the employee] of its vehicle use policy . . . then [the employee's] permitted use was for business purposes only and his use [of the vehicle] on the night of the accident was clearly more than a minor deviation from that permitted use") (citing *James v. Aetna Life & Cas.*, 546 P.2d 1146, 1148 (Ariz. Ct. App. 1976).  Foutz fully acknowledged in her deposition that she did not receive permission from anyone at AAA Landscape to operate the company vehicle while intoxicated, she was "not operating the AAA vehicle legally at the time of the accident," and she violated the Driver and Policy Agreement.

McGee failed to raise a material factual dispute precluding summary judgment based on Foutz's deposition testimony that she observed other employees operate company vehicles while intoxicated. Foutz conceded that she never informed AAA Landscape that other employees drove company vehicles while intoxicated, and no other evidence was adduced that AAA Landscape approved or ratified this conduct. As a result, McGee was unable to thwart entry of summary judgment because Foutz's testimony did not "reveal a single instance in which [AAA Landscape] acquiesced in" the use of company vehicles by employees who were intoxicated. *Gomez*, 548 P.2d at 1209 (citation omitted).

The district court also correctly held that Zurich did not contravene A.R.S. § 28-4009(A)(2) in denying coverage. In light of Foutz's admissions that she operated the company vehicle while extremely intoxicated in violation of the Driver Policy and Agreement and did not receive permission from AAA Landscape to use the vehicle after consuming alcohol, Foutz's conduct was a "material or major . . . deviation from the purpose for which the permission was originally granted." *James*, 546 P.2d at 1148 (citations and internal quotation marks omitted).

Finally, summary judgment was warranted on McGee's bad faith claim because Zurich properly denied coverage based on its determination that Foutz did

not qualify as an insured under the policy. *See Manterola v. Farmers Ins. Exch.*, 30 P.3d 639, 646 (Ariz. Ct. App. 2001) (explaining that "a bad faith claim based solely on a carrier's denial of coverage will fail on the merits if a final determination of noncoverage ultimately is made") (citations omitted). Although McGee maintains that Zurich failed to conduct an adequate investigation, Foutz's admissions reveal that there were no additional facts calling into question Zurich's denial of coverage.

I respectfully dissent from the majority's contrary conclusion, which is not supported by the facts or the law.